**James F. BIRD and Jerome Keith, Executors of the Estate of Laura L. Jeffords, Deceased, Appellants,**

**v.**

**Roger E. FRYE, Appellee.**

**No. 3758.**

District of Columbia Court of Appeals.

Argued Nov. 22, 1965.

Decided Feb. 1, 1966.

Herbert P. Leeman, Washington, D. C., for appellants.

John L. Laskey, Washington, D.C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellants were involved in litigation in the United States District Court for the District of Columbia. After a lengthy trial

7. Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).

in the fall of 1963, appellants' counsel, in order to prepare an appeal to the United States Court of Appeals, wrote to appellee, the official court reporter in the case, asking him to furnish a transcript "at the earliest possible time." As appellee was hospitalized in North Carolina at this time, his wife answered the letter, stating that the case would be processed in the usual manner upon receipt of a $1,000 deposit.

Appellee testified that as soon as he was notified that appellants had submitted the required deposit, he directed a typist to begin work on the transcript. He further testified that two other cases pending at the time were put aside in order to accommodate appellants; that he had to pay the typist ten cents per page more than the regular rate; and that he received many inquiries from appellants concerning the progress of the transcript.

In December 1963 appellee requested and received an additional $500 deposit. After a dispute with appellee about an additional payment, appellants consulted District Court officials who ordered appellee to file the transcript without any further deposit. The completed transcript totaled 1,290 pages.

Although the parties had never agreed on the price to be paid for the completed transcript, appellants sued appellee in the Court of General Sessions for a refund of $274.50. Their claim was based on the District Court Order dated March 24, 1958, which, in accordance with the Rules of the 1958 Judicial Conference, established a maximum rate of ninety-five cents per page for an original and one copy of ordinary transcript. Thus, they alleged, appellee was entitled to retain only $1,225.50 of the $1,500 deposit.

Appellee answered that he was not indebted to appellants in any amount and filed a counterclaim for $757.50. He alleged that appellants had ordered, and he had supplied, an expedited transcript for which a maximum rate of $1.75 is allowed under the Rules of the Judicial Conference and the District Court Order dated October 9, 1958.

After a trial, the court found that appellants had requested and received an expedited transcript for which appellee was entitled to a higher rate than that provided for an ordinary transcript. Finding that the $1,500 which had changed hands between the parties was fair and reasonable compensation for appellee's services, it denied both the claim and the counterclaim. Appellants then appealed from the judgment against them.

■■■ In addition to prescribing the maximum rates for transcripts, District Court Orders of October 29, 1948, and October 9, 1958, provide that "the charge for daily or other expedited transcript shall be fixed by agreement of the parties subject to the approval of the judge * * *." Appellants urge that the force of this clause is to forbid the imposition of higher than ordinary rates if the parties do not agree on the price to be paid for an expedited transcript. We cannot accept this proposition. The District Court orders clearly contemplate that higher rates will be charged for expedited transcripts and they do not provide that only ordinary rates shall be paid if the parties do not agree on price. When appellants disputed the charges sought to be imposed by appellee, they should have tried to obtain the District Court judge's disapproval of those charges. By proceeding in the Court of General Sessions, instead, they put that court in the anomalous position of having to construe the administrative rules of another tribunal. In the absence of an express agreement as to the price to be paid for the transcript, and in view of appellants' failure to consult the District Court judge, the trial court was correct in deciding that appellants should pay the reasonable value of the services rendered by appellee and received by them. 1 Corbin on Contracts §§ 99, 102 (1963).

■■ There was substantial evidence to support the trial court's determination that appellants requested and received an expedited transcript. Likewise the evidence supported the court's finding that the rea-

sonable value of appellee's services was $1,-500, an amount within the guidelines set forth in the District Court's orders. Therefore the judgment of the trial court is

Affirmed.